

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-14-2005

# Campisi v. Hui Lan Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3233

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Campisi v. Hui Lan Corp" (2005). *2005 Decisions.* Paper 1356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3233

PILAR CAMPISI, as Administratrix
of the Estate of Richard Campisi,

Appellant

v.

HUI LAN CORPORATION
t/a BREEZE INN;
MARIO DIRIENZO;
STATE OF NEW JERSEY;
THE STATE OF NEW JERSEY STATE POLICE

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 03-01687)
Honorable Anne E. Thompson, District Judge

Submitted under Third Circuit LAR 34.1(a)
April 8, 2005

BEFORE: BARRY, AMBRO, and GREENBERG, Circuit Judges

(Filed: April 14, 2005)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

Pilar Campisi, as administrator of the estate of Richard Campisi, appeals from an order for summary judgment entered in the district court on August 2, 2004, in this diversity of citizenship case in which the district court had jurisdiction under 28 U.S.C. § 1332(a) and we have jurisdiction under 28 U.S.C. § 1291. The district court set forth the facts of the case in its memorandum opinion and thus we do not repeat them. Campisi raises issues with respect to proximate cause inasmuch as the district court held that defendant, Hui Lan Corp., the operator of the Breeze Inn, could not be liable for Campisi's decedent's death after the inn served him alcoholic beverages when he was intoxicated following which his gross misconduct led to the New Jersey State Police shooting him. The court reached its conclusion because, in its view, the Breeze Inn's actions could not be regarded as the proximate cause of the decedent's death.

The parties are in agreement that we exercise plenary review on this appeal, see Kopec v. Tate, 361 F.3d 772, 775 (3d Cir.), cert. denied, 125 S.Ct. 453 (2004), and thus we can affirm only if we conclude "that there is no genuine issue as to any material fact and that the moving party [Hui Lan] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We note, however, that Hui Lan contends that we should accept the district court's findings of fact "unless they are clearly erroneous," citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 948, 115 S.Ct. 1920, 1926 (1995), but we reject that contention as we view the facts most favorably to Campisi in these proceedings involving an appeal from an order for summary judgment. See Kopec, 361 F.3d at 775.

2

After our review of the matter we have concluded that the district court correctly granted summary judgment to Hui Lan. Indeed, if this case could go forward it would be only because a determination of whether a defendant's conduct was a proximate cause of an injury has been merged into a determination of whether the conduct was a cause in fact of the injury. Though the parties debate the significance of opinions of the New Jersey courts in this action governed by New Jersey law, we will not join in the debate as we are satisfied that, under any view of New Jersey law, Campisi's claim could not survive Hui Lan's motion for summary judgment. The only way Hui Lan could be liable here would be for us to hold that if a person is injured anyone whose conduct in any way contributed to the mishap must be liable for the damages that resulted. We will not take that approach because New Jersey law, though generous to plaintiffs, does not go that far. See Leo v. Kerr-McGee Chem. Corp., 37 F.3d 96, 101 (3d Cir. 1994).

The order for summary judgment entered August 2, 2004, will be affirmed.

3